**J. Ashlee Albies**, OSB No. 051846
Email: ashlee@albiesstark.com
Albies & Stark LLC
210 SW Morrison St., Suite 400
Portland, Oregon 97204
Telephone: (503) 308-4770
Facsimile: (503) 427-9292

**Jesse Merrithew**, OSB No. 074564
Email: jesse@lmhlegal.com
Levi Merrithew Horst PC
610 SW Alder Street, Suite 415
Portland, Oregon 97205
Telephone: (971) 229-1241
Facsimile: (971) 544-7092

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **STEVEN HAYES, as personal representative of the estate of**, **QUANICE HAYES, deceased,** and **VENUS HAYES,**<br><br>Plaintiffs,<br><br>vs.<br><br>**CITY OF PORTLAND, a municipal corporation, and ANDREW HEARST,**<br><br>Defendants. | Case No.: 3:18-cv-00988<br><br>**COMPLAINT**<br>**Civil Rights Violation**<br>**Excessive Force**<br>**Substantive Due Process**<br>**(42 U.S.C. § 1983)**<br><br>**Oregon Tort Claims Act**<br>**Wrongful Death**<br><br>**Jury Trial Demanded** |

Plaintiffs Steven Hayes and Venus Hayes, by and through their attorneys, J. Ashlee Albies and Jesse Merrithew, hereby allege that:

## NATURE OF ACTION

1.       This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and ORS 30.265 by Steven Hayes and Venus Hayes (Plaintiffs). Steven Hayes is the appointed personal representative of the estate of Quanice Hayes, and Venus Hayes was Quanice's mother. On February 9, 2017, Defendant Andrew Hearst, a police officer with the City of Portland, shot and killed 17-year-old Quanice Hayes. The acts and omissions of Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. As a result of Defendants' acts and omissions, Plaintiffs suffered economic and noneconomic damages. Plaintiffs are entitled to damages and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

2.       This Court has subject matter jurisdiction over Plaintiffs' claims of violation of federal constitutional rights pursuant to 28 U.S.C. §§ 1331(a) and 1343 because the causes of action arise under 42 U.S.C. § 1983. This Court has jurisdiction over Plaintiffs' pendent state law claims under 28 U.S.C. § 1367.

3.       Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District of Oregon and because Defendants are subject to personal jurisdiction in the District of Oregon.

## TORT CLAIM NOTICE

4.       Prior to the institution of this action, Plaintiffs provided notice of this claim to all necessary parties pursuant to ORS 30.275.

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

## PARTIES

5.      Quanice Hayes died intestate. Steven Hayes is Quanice Hayes' uncle. The Multnomah County Circuit Court appointed him as personal representative of the estate of Quanice Hayes on January 31, 2018. Steven Hayes is a resident of the state of Oregon.

6.      Quanice Hayes was a seventeen-year-old boy when he was killed. He was a resident of the state of Oregon at all relevant times.

7.      Venus Hayes was Quanice Hayes' mother and had sole legal custody over him. She is a resident of the state of Oregon.

8.      At all material times, Andrew Hearst was employed as a law enforcement officer for the Portland Police Bureau, an entity of the City of Portland, Oregon acting under color of state law. He is sued in his individual capacity.

9.      At all material times the City of Portland was a political subdivision of the State of Oregon. As a local governmental entity, the City of Portland is a person under 42 U.S.C. § 1983. At all material times, the City of Portland employed Defendant Hearst.

## GENERAL ALLEGATIONS

### Background

10.      In 2012, the United States Department of Justice ("DOJ") issued findings that the City of Portland's Police Bureau ("City") was engaging in a pattern and practice of unconstitutional excessive force against community members and identified deficiencies in the City's use of force policies, practices, training, and officer accountability. As a result, the DOJ filed a lawsuit against the City, alleging this unconstitutional pattern and practice of excessive force. The Settlement Agreement negotiated by the City and the DOJ included terms related to the

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

City's use of force policies, practices, and training, and enhancement of its data collection practices.

11.     In 2013, Defendant Hearst shot and killed Merle Hatch; Hatch was experiencing a mental health crisis and was unarmed at the time. The City did not discipline Hearst for this shooting.

12.     From 2012 through the present, the Portland Police Bureau has revised its use of force policies and trainings to emphasize de-escalation, in order to address the allegations of excessive use of force articulated in the DOJ lawsuit.

13.     The Portland Police Bureau has a history of disproportionate policing of African-Americans, including stops, searches, and seizures of African-Americans at an elevated level disproportionate to their presence in the population. The City is well aware of this history of discriminatory policing. The City is also aware that their police officers wrongly perceive African-Americans, and particularly young African-American men and boys, to pose a greater threat of violence than other members of the community. Despite being aware of these well-known biases, the City has not acted to correct them.

**Quanice Hayes**

14.     On February 9, 2017, at approximately 9:30 in the morning, Andrew Hearst fired three rounds from his AR-15 rifle, killing Quanice Hayes.

15.     At the time of the shooting, police officers were seeking a suspect in an alleged armed robbery. Reports from witnesses, along with Quanice's actions and statements when interacting with police officers, would have led a reasonably well-trained police officer to believe that Quanice may have been in some sort of mental health crisis. Despite this, neither Defendant

Levi Merrithew Horst PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

Hearst nor any other member of the arrest team attempted to use any type of de-escalation techniques.

16.    At the time Defendant Hearst killed Quanice, Quanice was unarmed and posed no threat to the officers or anyone else.

17.    When the officers came upon Quanice, different police officers shouted contradictory commands at him. He obeyed the commands of Officer Robert Wullbrandt, and crawled on his hands and knees as ordered, coming to a stop when ordered to do so. Defendant Hearst, while Officer Wulbrandt was ordering Quanice to crawl on his hands and knees, was ordering Quanice to crawl on his knees with his hands in the air. Quanice bent forward to comply with Officer Wullbrandt's command and Defendant Hearst shot him.

18.    No officer, including Defendant Hearst, ever saw Quanice with a firearm or anything that looked like a firearm prior to using deadly force. Despite the presence of multiple less than lethal force options immediately available, no other officer used any force against Quanice.

19.    After Defendant Hearst shot and killed Quanice Hayes, no firearm was recovered in Hayes' possession.

**FIRST CLAIM FOR RELIEF**
**(Excessive Force – Violation of Fourth and Fourteenth Amendments)**
**(Plaintiff Steven Hayes Only)**

**Count 1: Individual Liability of Andrew Hearst**

20.    As alleged above, Defendant Hearst's use of force was objectively unreasonable under the circumstances, constituted excessive force, and was an unreasonable and unjustifiable use of deadly force.

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

**Count 2: Municipal Liability – Failure to Train**

21.     The City of Portland has a training policy for the apprehension of suspects believed to be armed. That policy utilizes a team apprehension approach. Members of the team have unique functions, including "lethal cover," "non-lethal force," and "arrest." Defendant Hearst was acting as the lethal cover officer in the intended apprehension of Quanice Hayes.

22.     In order to avoid killing people who are attempting to comply with officer commands, it is essential that the City of Portland train officers to work together so that only one officer is giving clear, consistent commands to the suspect, and to develop and execute a plan to take the suspect into custody as safely as possible.

23.     The City of Portland's training on the team approach for the apprehension of suspects places the suspect at extreme risk of being shot and killed during the apprehension, because the lethal cover officer keeps an assault rifle trained on the suspect and will shoot and kill the suspect if he perceives the suspect is not following the commands of the team.

24.     The City of Portland failed to train officers, including Defendant Hearst, his commanding officer, and all officers present for the shooting as described in paragraph 22. As a result, two officers of the apprehension team were shouting contradictory commands at Quanice Hayes, making it impossible for him to comply with both. This was a proximate cause of his death.

**SECOND CLAIM FOR RELIEF**
**(Interference With Familial Relations – Violation of Fourteenth Amendment, Substantive Due Process)**
**(Plaintiff Venus Hayes Only)**

25.     Defendants violated the Fourth Amendment rights of Quanice Hayes as alleged in the First Claim for Relief, resulting in the death of Quanice Hayes.

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

26.     The actions of defendants permanently deprived Venus Hayes of the love, care, companionship, and protection of her son.

27.     The conduct of the defendants, shooting an unarmed 17-year-old boy in the head with an assault rifle while he was on his knees complying with commands, shocks the conscience of the community.

28.     The conduct of the defendants violated Venus Hayes' substantive due process right to her relationship with her son.

**THIRD CLAIM FOR RELIEF**
**(Wrongful Death – Or. Rev. Stat. § 30.020 *et. seq.*)**
**(Plaintiff Steven Hayes Only)**

**Count 1: Battery**

29.     Andrew Hearst's use of force against Quanice Hayes was intentional.

30.     Andrew Hearst's use of force against Quanice Hayes was excessive under the circumstances described above.

**Count 2: Negligence**

31.     The City of Portland's failure to train police officers to use apprehension procedures that give clear, uncontradicted instructions to those they want to arrest creates a foreseeable risk of serious harm to the individuals they choose to arrest.

32.     The City of Portland's failure to require/train officers to develop and execute plans for taking a suspect into custody that will minimize the risk of harm to both the suspect and the officers is unreasonable.

33.     These failures to train, or failure to ensure that training is followed, creates an obvious risk of death to citizens who are attempting to follow police officer commands and is unreasonable.

34.     These failures were a cause of Quanice Hayes' death.

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

35.     Andrew Hearst's failure to listen and recognize that officers were giving contradictory commands to Quanice Hayes, and that Hayes was complying with one of the officers, while Hearst had an assault rifle pointed at Hayes' head created a foreseeable risk of serious harm to Quanice Hayes.

36.     The officers on scene's failure to develop and execute a plan to minimize the risk to the suspect and officer to take the suspect into custody created a foreseeable risk of serious harm to Quanice Hayes.

37.     This failure to exercise reasonable care creating a custody plan, in listening to the commands being shouted at Quanice Hayes, and in observing that Hayes was complying with one officer's commands, created an obvious risk of death to Quanice Hayes and was unreasonable.

38.     This failure was a cause of Quanice Hayes' death.

## DAMAGES

39.     As a direct and proximate result of the conduct of the Defendants, Plaintiffs suffered economic and noneconomic damages, including:

    a.   Medical services, burial services, and memorial services;

    b.   Loss of future earning capacity;

    c.   Venus Hayes' loss of society, companionship, and services of her child;

    d.   Venus Hayes' pain and suffering for the loss of her child;

///

///

Page 8 – COMPLAINT

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray that this Court will enter a Judgment in their favor, and against Defendants, as follows:

A. Grant Plaintiffs compensatory damages against Defendants in an amount to be determined at trial;

B.  Award Plaintiffs reasonable costs, expenses, and attorney's fees;

C.  Grant Plaintiffs such further relief as this Court deems just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

**DATED** this 5th day of June, 2018

By:      /s Ashlee Albies
**J. Ashlee Albies**, OSB No. 051846
**Jesse Merrithew**, OSB No. 074564
**Attorneys for Plaintiff**

LEVI MERRITHEW HORST PC
610 SW Alder Street, Ste 415
Portland, Oregon 97205